IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| LAKEVIEW LOAN SERVICING, LLC, <br> Plaintiff, <br><br> v. <br><br> JONATHAN N. MARSHALL; CBC MORTGAGE AGENCY; AICA ORTHOPEDICS, PC; and THE UNITED STATES OF AMERICA, <br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. <br><br> _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

The above-captioned plaintiff complains of the herein-named defendants, stating as follows:

### JURISDICTION AND VENUE

1.  The plaintiff predicates this court's jurisdiction on the claims it makes herein against an agency and/or officer of the United States of America.

2.  The object of the plaintiff's claims is certain property situated in this judicial district in Coweta County, Georgia. The venue is thus proper in this district and division.

### PARTIES

3.  The plaintiff is Lakeview Loan Servicing, LLC (the "Plaintiff"). Plaintiff may be served with all pleadings, discovery, or other communications related to the above styled and numbered cause through its undersigned counsel of record.

4. Defendant Jonathan N. Marshall is an individual and may be served with process at 100 Carriage Gate Drive, Sharpsburg, Georgia 30277.

5. Defendant CBC Mortgage Agency is a nonprofit corporation and may be served with process care of its registered agent, James Pettingill, 912 West Baxter Drive #150, South Jordan, Utah 84095.

6. Defendant AICA Orthopedics, PC, may be served with process care of its registered agent, TRUE Space, Inc., 2400 Herodian Way SE, Suite 224, Smyrna, Georgia 30080.

7. Defendant The United States of America may be served with process in accordance with Federal Rule of Civil Procedure 4(i).

## BREACH OF CONTRACT

8. On September 19, 2017, Defendant Jonathan N. Marshall made, executed, and delivered that one certain note, in writing, a true and correct copy of which is attached hereto and incorporated herein for all purposes as **Plaintiff's Exhibit No. 1** (the "Note").

9. On September 19, 2017, Defendant Jonathan N. Marshall made, executed, and delivered that one certain security deed to secure the Note with the property described therein (the "Property"). A true and correct copy of said security deed, along with related instruments and modifications thereof, is attached hereto and incorporated herein for all purposes as **Plaintiff's Exhibit No. 2** (the "Security Deed"). Property is described with particularity on the Security Deed. By executing the Security Deed, such

grantor granted a lien on and recourse to the Property for breach thereunder.

10. Plaintiff is the assignee of the Security Deed under that one certain assignment, a true and correct copy of which is attached hereto and incorporated herein for all purposes with **Plaintiff's Exhibit No. 2.**

11. The obligation evidenced by the Note and Security Deed will sometimes hereinafter be referred to as the "Loan."

12. To Plaintiff's detriment, the promisor under the Note and the grantor under the Security Deed has failed and refused to pay amounts that have come due under the Loan.

13. Plaintiff duly notified all parties so entitled of said default under the Loan and its intent to accelerate the indebtedness via letter, a true and correct copy of which describing said default with particularity is attached hereto and incorporated herein for all purposes as **Plaintiff's Exhibit No. 3** (the "Notice of Default"). Said default persists.

14. The continued breach under the Loan has directly and proximately caused damage to Plaintiff in that amounts due to Plaintiff remain unpaid, and in that Plaintiff is incurring fees and expenses to enforce its rights under the Loan and protect its interest in the Property. Plaintiff therefore declares the entire balance owed under the Loan due and payable. Plaintiff's records reflect that the entire balance due and payable under the Loan and secured under the Security Deed, as of July 30, 2025, is at least $191,994.57.

15. The terms of the Loan require that it be repaid in installments. Such promise was breached to the detriment of Plaintiff. Plaintiff is thus entitled to judgment for all

amounts due under the Loan (including, principal, pre-judgment interest, reasonable attorneys' fees and expenses, advances, costs and post-judgment interest) to be charged to the Property, and judgment for judicial foreclosure upon the lien against the Property securing such amount.

## TITLE INTEREST DEFENDANTS

16. Defendant CBC Mortgage Agency claims an interest in the Property as the assignee of that one certain instrument, a true and correct copy of which as well as with the associated assignment is attached hereto and incorporated herein for all purposes as **Plaintiff's Exhibit No. 4**. Such claimed interest is subject to and/or inferior to Plaintiff's interest in the Property under the Security Deed.

17. Defendant AICA Orthopedics, PA, claims an interest in the Property under that one certain instrument, a true and correct copy of which is attached hereto and incorporated herein for all purposes as **Plaintiff's Exhibit No. 5**. Such claimed interest is subject to and/or inferior to Plaintiff's interest in the Property under the Security Deed.

18. Defendant The United States of America through its officer the Secretary of Housing and Urban Development claims an interest in the Property under those several certain instruments, true and correct copies of which are attached hereto and incorporated herein for all purposes as **Plaintiff's Exhibit No. 6**. Such claimed interest is subject to and/or inferior to Plaintiff's interest in the Property under the Security Deed.

## ATTORNEYS' FEES

19. Pursuant to the terms of the Loan, Plaintiff is entitled to recover its

reasonable attorneys' fees and costs incurred in prosecuting this action. Plaintiff seeks to recover its reasonable and necessary attorneys' fees and costs of Court, to be charged to the Property.

## PRAYER

WHEREFORE, Plaintiff requests that the defendants named herein be cited to appear and answer herein. Plaintiff prays further to have and recover a judgment for the amounts owed to it under the Loan and for attorneys' fees and costs of court to be charged to the Property. Plaintiff prays further for judicial foreclosure of the Property and for any further relief to which it may be entitled.

RESPECTFULLY SUBMITTED on this the 21st day of July 2025.

**PADGETT LAW GROUP**

*/s/ Devon Reeves*
Devon Reeves, GBN 805635
Thomas Sears, GBN 633810
3490 Piedmont Road NE, Suite 1475
Atlanta, Georgia 30305
850-422-2520 (telephone)
850-422-2567 (facsimile)
Devon.Reeves@padgettlawgroup.com
Tom.Sears@padgettlawgroup.com
gaattorney@padgettlawgroup.com
***Counsel for the Plaintiff***